IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEWEAVR, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2-24-cv-00162-JRG-RSP |
| | § | |
| DATABRICKS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.** **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    **(a)** the correct names of the parties to the lawsuit;

    **(b)** the name, address, and telephone number of any potential parties;

    **(c)** the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    **(d)** the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    **(e)** any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

in this action or to indemnify or reimburse for payments made to satisfy the judgment;

**(f)**   any settlement agreements relevant to the subject matter of this action; and

**(g)**   any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    **(a)**   if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    **(b)**   for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

    **(a)**   provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

        i.   If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

    is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

   ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

**(b)** produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

**(c)** provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.** **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

**5.** **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

**(a)** For the purposes of this section (Section 5 – Discovery Limitations), Plaintiff Byteweavr, LLC shall count as a "side" and Defendant Databricks, Inc., shall count as a "side."

**(b)** Interrogatories: Each side may serve up to 40 interrogatories on the other side.

**(c)** Requests for Admission: There is no limit to the number of requests for admission the parties may serve to establish the authenticity of documents. Each side may serve up to 40 requests for admission on the other side.

**(d)** Depositions:

i) Experts. An expert that provides a written report on more than one issue (for example, invalidity and non-infringement) will be considered to have provided separate expert reports per issue. An expert who submits a report on behalf of a side may be deposed for 7 hours by the opposing side regarding each such report. An expert who submits more than one report on behalf of a side for one of the above actions may be deposed for 7 hours per report.

ii) Depositions of Parties and their Personnel. Each side may take up to 70 hours of party and non-party depositions, including both 30(b)(6) and 30(b)(1) depositions. Presumptively the parties will seek to depose any party fact witness within one day. Except by mutual agreement, no single deposition of any one witness can exceed seven (7) hours in a day. Depositions lasting less than three (3) hours will count as three (3) hours on the record for purposes of the total deposition time limit.

        iv) The limitations set forth in Fed. R. Civ. P. 30(d) apply to all witnesses.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an in camera review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

   (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

   (b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

   (c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).

        Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

    **(d)**    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    **(e)**    Any change to a party's lead attorney designation must be accomplished by motion and order.

    **(f)**    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.**    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11.**    **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.**    **Proposed Stipulations by the Parties Regarding Discovery.**

The Parties agree to the following proposed stipulations (a)-(e):

(a) **Privilege Logs.** Neither party is required to log privileged materials dated on or after the filing date of the original complaint for that case. The parties reserve the right to request logs of specific kinds of privileged materials otherwise excluded by the foregoing where good cause exists, such as a specific challenge to withheld discovery.

(b) **Inadvertent Disclosure.** Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraphs 6 and 12.

(c) **Expert Discovery.** Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. No discovery may be taken from or about any consulting expert that will not provide testimony and/or an expert opinion in the above-captioned action ("Consulting Expert") except to the extent that the Consulting Expert has provided information, opinions, or other materials that a Testifying Expert relied on in formulating their final report, trial, or deposition testimony or any opinion in this action ("relied on"). In such a case where a Consulting Expert has provided materials or information that a Testifying Expert has relied on, a deposition may be taken of the Consulting Expert regarding those materials and information. Written or oral communications between any Testifying Expert or Consulting Expert, their assistants, and/or in-house counsel or outside counsel, or employees of or consultants for the party

or parties who engaged such Testifying Expert or Consulting Expert, are not subject to discovery, except to the extent that the communications relate to compensation for the expert's study or testimony; or identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. The limitations herein do not preclude a party from discovery of prior opinions or testimony of an expert in matters other than the above-captioned action, to the extent the prior opinions, or testimony are related to and/or may be inconsistent with the opinions given in this action. For the avoidance of doubt, (a) emails, lists, agendas, outlines, memoranda, presentations, letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert and (b) any other types of preliminary work product created by or on behalf of any expert are not subject to discovery unless relied upon by a Testifying Expert in formulating their final report, trial or deposition testimony, or any opinion in this action. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation but need not be logged on a privilege log. This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4).

(d) **Third-Party Discovery**. The parties will serve each other with copies of any subpoena or deposition notice directed to a third-party on or before the day the subpoena or notice is served on the third-party. A party who serves a subpoena in this case on a third party shall provide a copy to the other party prior to service of that subpoena as required by Fed. R. Civ. P. 45(a)(4). A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) business

days. Where reproduction of documents within five (5) business days is not possible, the party who received the documents will provide prompt notice to the other parties of receipt of the documents and will work in good faith to resolve the issue on a case-by-case basis. The parties shall reasonably cooperate regarding the scheduling of depositions of subpoenaed third parties.

(e) **ESI Discovery & Email**. The parties agree to meet and confer regarding entry of a supplemental order regarding ESI discovery and email discovery based on the Court's Model Order Regarding E-Discovery in Patent Cases and to file a proposed supplemental order regarding ESI discovery and email discovery at a mutually agreed time. In the first instance, the parties agree that email shall not be subject to discovery. After the parties have exchanged initial disclosures, the parties may meet and confer regarding a party's ability to specifically request email discovery and the restrictions (such as the number of custodians and search terms) that will be applicable to such email discovery. After the meet and confer, the parties may jointly submit a proposed Modified ESI Order regarding this issue at that time.

(f) **Narrowing Asserted Claims and Prior Art**. The parties agree to submit a stipulation regarding narrowing of claims and prior art.

(g) **Service**. The parties agree to electronic service of all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests (unless the volume of electronic information makes such delivery impractical). Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case, or to an email address designated in writing for service by a party's outside counsel. Where a document is too large to serve by email, the

serving party shall send an email notice providing instruction for downloading the document via FTP or similar file transfer service. Electronic service is deemed complete upon sending. Counsel for Stingray designates the following electronic service address: ByteweavrCounsel@bosfirm.com. Counsel for Databricks designates the following electronic service address: ByteweavrvDatabricks@fenwick.com. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website, including at https://www.txed.uscourts.gov/?q=judge/chief-district-judge-rodney-gilstrap. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 21st day of June, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE