## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

BTYEWEAVR, LLC,

        Plaintiff,

    v.

DATABRICKS, INC.,

        Defendant.

Civil Action No. 2:24-cv-00162-JRG-RSP

**JURY TRIAL DEMANDED**

## ANSWER OF DEFENDANT DATABRICKS, INC. TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Databricks, Inc. ("Databricks") hereby files its Answer and Affirmative Defenses to the First Amended Complaint (the "Amended Complaint") of Plaintiff Byteweavr, LLC ("Byteweavr"). Each of the paragraphs below corresponds to the same numbered paragraph in the Amended Complaint. In responding to the Amended Complaint, Databricks has included several of Plaintiff's headings for ease of reference, but in doing so, Databricks is not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. Headings are used solely for organization and do not in any case act as an admission or statement. Databricks denies all allegations in the Amended Complaint, whether express or implied, that are not specifically admitted below. Databricks further denies that Byteweavr is entitled to the relief requested in the Amended Complaint, or to any other relief.

### THE PARTIES

1.    Databricks lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Amended Complaint and, on that basis, denies them.

2.      Databricks admits that it is a corporation organized under the laws of the state of Delaware, with a principal place of business of 160 Spear Street, San Francisco, CA 94105. Databricks further admits that it is registered to do business in Texas, and that its registered agent is United Agent Group Inc.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 2.

3.      Databricks admits that it was founded in 2013.  To the extent the allegations in paragraph 3 purport to quote or characterize the contents of Databricks webpages, each document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 3.  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 3 of the Amended Complaint, and on that basis, denies them.

4.      To the extent the allegations in paragraph 4 purport to quote or characterize the contents of Databricks webpages, each document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 4.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 4.

5.      To the extent the allegations in paragraph 5 purport to quote or characterize the contents of Databricks webpages, each document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 5.  Databricks admits it published a blog entitled "What is a Lakehouse" in 2020, in which "Lakehouse" was announced to the public.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 5.

6.      To the extent the allegations in paragraph 6 purport to quote or characterize the contents of Databricks webpages, each document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 6.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 6.

7.      To the extent the allegations in paragraph 7 purport to quote or characterize the contents of Databricks webpages, each document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 7.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 7.

8.      Databricks admits it maintains a corporate and commercial presence in the United States.  To the extent the allegations in paragraph 8 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 8.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 8.

## ALLEGED JURISDICTION AND VENUE

9.      The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed required, Databricks admits that the Amended Complaint purports to allege that this civil action arises under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281, and 284-285, but denies that the allegations have any merit or that Plaintiff is entitled to any relief.

10.     Databricks admits that this Court has subject matter jurisdiction over infringement claims brought by the owner or exclusive licensee of a patent pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Databricks lacks knowledge and information sufficient to form a belief as to whether Plaintiff is the owner or exclusive licensee of the patents in suit.

11.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks admits that this Court has personal jurisdiction over Databricks with respect to the instant action.  Databricks denies that it has committed or is committing any acts of infringement anywhere, including in this District.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 11.

12.     To the extent the allegations in paragraph 12 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 12.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 12.

13.     Databricks denies the allegations of paragraph 13 of the Amended Complaint.  Databricks specifically denies that it has committed any acts of infringement.

14.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks admits that this Court has personal jurisdiction over Databricks with respect to the instant action.  Databricks denies that it has committed or is committing any acts of infringement anywhere, including in this District.  To the extent the allegations in paragraph 14 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the

allegations in paragraph 14.  Databricks denies the remaining allegations in paragraph 14, and specifically denies that it has committed any acts of infringement.

15.     To the extent the allegations in paragraph 15 purport to quote or characterize the contents of Databricks webpages and/or a Federal Circuit Court case law, or an Eastern District of Texas case law, the document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited documents, Databricks denies the allegations in paragraph 15.  The allegations in this paragraph state a legal conclusion to which no response is required.  Databricks denies the remaining allegations in paragraph 15, and specifically denies that it has committed any acts of infringement.

16.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks does not dispute, for this action only, that venue is authorized in this District pursuant to 28 U.S.C. § 1400(b) and that this Court has personal jurisdiction over it with respect to the instant action.  By filing this answer, Databricks does not waive any argument that venue is inconvenient in this District, or that this action should be transferred to another district for the convenience of the parties and witnesses and in the interest of justice.  Databricks denies the remaining allegations in paragraph 16, and specifically denies that it has committed any acts of infringement.

17.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks does not dispute, for this action only, that venue is authorized in this District pursuant to 28 U.S.C. § 1400(b) and that this Court has personal jurisdiction over it with respect to the instant action.  Databricks specifically denies that venue is convenient in this District and reserves all right to contend that this action should be transferred to another district for the convenience of the parties and witnesses and in the

interest of justice.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 17.

## THE ASSERTED PATENT AND TECHNOLOGY

18.     To the extent paragraph 18 states a legal conclusion, no response is required. Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 18 of the Amended Complaint and, on that basis, denies them.

19.     Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 19 of the Amended Complaint and, on that basis, denies them.

20.     Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 20 of the Amended Complaint and, on that basis, denies them.

21.     Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 21 of the Amended Complaint and, on that basis, denies them.

22.     Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 22 of the Amended Complaint and, on that basis, denies them.

23.     Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 23 of the Amended Complaint and, on that basis, denies them.

24.     Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 24 of the Amended Complaint and, on that basis, denies them.

25.     Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 25 of the Amended Complaint and, on that basis, denies them.

26.     To the extent the allegations in paragraph 26 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks

denies the allegations in paragraph 26.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 26.

27.     To the extent paragraph 27 states a legal conclusion, no response is required.  To the extent the allegations in paragraph 27 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 27.  Databricks admits that it designed and developed the Databricks Lakehouse Platform.  Databricks denies the remaining allegations in paragraph 27, and specifically denies that it has committed any acts of infringement.

28.     Databricks denies the allegations of paragraph 28 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

29.     To the extent paragraph 29 states a legal conclusion, no response is required. paragraph 29 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 29.  Databricks denies the remaining allegations in paragraph 29, and specifically denies that it has committed any acts of infringement.

30.     To the extent paragraph 30 states a legal conclusion, no response is required. Paragraph 30 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 30.  Databricks denies the remaining allegations in paragraph 30, and specifically denies that it has committed any acts of infringement.

31.     The allegations in this paragraph state a legal conclusion to which no response is required.  Databricks denies the allegations in paragraph 31.  Databricks specifically denies that it has committed any acts of infringement.

32.      To the extent paragraph 32 states a legal conclusion, no response is required.  Paragraph 32 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 32.  Databricks denies the remaining allegations in paragraph 32, and specifically denies that it has committed any acts of infringement.

33.     Paragraph 33 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 33.  Databricks specifically denies that it has committed any acts of infringement.

34.     Paragraph 34 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 34.

35.     Paragraph 35 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 35.

36.     Paragraph 36 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or

incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 36.  Databricks specifically denies that it has committed any acts of infringement.

37.     Paragraph 37 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 37.

38.     Paragraph 38 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 38.

39.     To the extent paragraph 39 states a legal conclusion, no response is required.  To the extent the allegations in paragraph 39 purport to quote and/or characterize the contents of a Databricks webpage, the document speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 39.  Databricks denies the remaining allegations in paragraph 39, and specifically denies that it has committed any acts of infringement.

40.     Paragraph 40 also purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 40.  Databricks specifically denies that it has committed any acts of infringement.

41.     Paragraph 41 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or

incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 41.

42.     Paragraph 42 also purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 42.  Databricks specifically denies that it has committed any acts of infringement.

43.     Paragraph 43 purports to quote and/or characterize the contents of a YouTube video, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited video, Databricks denies the allegations in paragraph 43.

44.     Paragraph 44 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 44.

45.     Paragraph 45 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 45.

46.     Paragraph 46 also purports to quote and/or characterize the contents of a Databricks webpages, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 46.  Databricks specifically denies that it has committed any acts of infringement.

47.     To the extent Paragraph 47 states a legal conclusion, no response is required. Paragraph 47 purports to quote and/or characterize the contents of a Databricks webpage, which

speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 47.  Databricks denies the remaining allegations in paragraph 47, and specifically denies that it has committed any acts of infringement.

48.     Paragraph 48 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 48.  Databricks denies the remaining allegations in paragraph 48.

49.     Paragraph 49 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 49.  Databricks specifically denies that it has committed any acts of infringement.

50.     Paragraph 50 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 50.

51.     Paragraph 51 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 51.

52.     Paragraph 52 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or

incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 52.

53.     To the extent paragraph 53 states a legal conclusion, no response is required. Paragraph 53 purport to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 53.  Databricks denies the remaining allegations in paragraph 53, and specifically denies that it has committed any acts of infringement.

54.     Paragraph 54 also purports to quote and/or characterize the contents of a Databricks webpages, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 54.  Databricks specifically denies that it has committed any acts of infringement.

55.     Paragraph 55 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 55.

56.     Paragraph 56 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 56.

57.     Paragraph 57 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or

incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 57.

58.     Paragraph 58 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 58.

59.     Paragraph 59 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 59.

60.     To the extent paragraph 60 states a legal conclusion, no response is required. Paragraph 60 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 60.  Databricks denies the remaining allegations in paragraph 60, and specifically denies that it has committed any acts of infringement.

61.     Paragraph 61 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 61.

62.     Paragraph 62 purports to quote and/or characterize the contents of a Databricks webpage or an Apache.org webpage, each of which speaks for itself.  To the extent the Amended

Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 62.

63.     Paragraph 63 purports to quote and/or characterize the contents of a zlib.net webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 63.

64.     Paragraph 64 purports to quote and/or characterize the contents of a Databricks webpage or a Apache.org webpage, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 64.

65.      Paragraph 65 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 65.

66.     To the extent paragraph 66 states a legal conclusion, no response is required. Paragraph 66 purports to quote and/or characterize the contents of a Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 66.  Databricks denies the remaining allegations in paragraph 66, and specifically denies that it has committed any acts of infringement.

67.     Paragraph 67 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or

incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 67.

68.     Paragraph 68 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 68.

69.     Paragraph 69 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 69.

70.     Paragraph 70 purports to quote and/or characterize the contents of a Databricks webpage or a YouTube video, each of which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 70.

71.     Paragraph 71 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 71.

72.     To the extent paragraph 72 states a legal conclusion, no response is required. Paragraph 72 purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 72.  Databricks

denies the remaining allegations in paragraph 72, and specifically denies it has committed any acts of infringement.

73.     Paragraph 73 also purports to quote and/or characterize the contents of a Databricks webpages, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 73.  Databricks specifically denies that it has committed any acts of infringement.

74.     Paragraph 74 purports to quote and/or characterize the contents of a Databricks webpage and a YouTube video, each of which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage and/or video, Databricks denies the allegations in paragraph 74.

75.     Paragraph 75 also purports to quote and/or characterize the contents of a Databricks webpage, which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpage, Databricks denies the allegations in paragraph 75.  Databricks specifically denies that it has committed any acts of infringement.

76.     Paragraph 76 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.   To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 76.

77.     Paragraph 77 purports to quote and/or characterize the contents of Databricks webpages, each of which speaks for itself.  To the extent the Amended Complaint incorrectly or incompletely quotes or characterizes the cited webpages, Databricks denies the allegations in paragraph 77.

## COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,839,733

78.     Databricks admits that Byteweavr purports to incorporate paragraphs 1 through 77 by reference.

79.     Databricks admits that the '733 patent is entitled "Network system extensible by users."  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 79 of the Amended Complaint and, on that basis, denies them.

80.     The allegations in this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Databricks denies that the patent is valid. Databricks admits that the '733 patent lists U.S. Patent Application No. 09/712,712 as its application number.  Databricks admits that the patent expired at least as early as October 23, 2018. Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 80 of the Amended Complaint and, on that basis, denies them.

81.     Databricks denies the allegations of paragraph 81 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

82.     Databricks admits that it designed and developed the Databricks Lakehouse Platform.  To the extent the Amended Complaint alleges that Accused Instrumentalities include other products or services, such allegation is vague, and Databricks therefore lacks knowledge or information sufficient to admit or deny such allegation.   Databricks denies the remaining allegations of paragraph 82 of the Amended Complaint.

83.     Databricks denies the allegations in paragraph 83 and specifically denies that it has committed any acts of infringement.

84.     Databricks denies the allegations of paragraph 84 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

85.     Databricks denies the allegations of paragraph 85 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

86.     Databricks denies the allegations of paragraph 86 of the Complaint, and specifically denies that it has committed any acts of infringement.

87.     Databricks admits that Byteweavr filed the original complaint in this case on March 8, 2024.  To the extent the allegations in paragraph 87  purport to quote or characterize the contents of the Amended Complaint, the document speaks for itself.

88.     Databricks denies the allegations of paragraph 88 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

## COUNT II – ALLEGED INFRINGEMENT OF U.S. PATENT NO.7,949,752

89.     Databricks admits that Byteweavr purports to incorporate paragraphs 1 through 88 by reference.

90.     Databricks admits that the '752 patent is entitled "Network system extensible by users."  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 90 of the Amended Complaint and, on that basis, denies them.

91.     The allegations in this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Databricks denies that the patent is valid. Databricks admits that the '752 patent lists U.S. Patent Application No. 10/995,159 as its application number, and lists May 24, 2011 as its issue date.  Databricks admits that the patent expired at least as early as August 13, 2022.  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 91 of the Amended Complaint and, on that basis, denies them.

92.     Databricks denies the allegations of paragraph 92 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

93.     Databricks admits that it designed and developed the Databricks Lakehouse Platform.  To the extent the Amended Complaint alleges that Accused Instrumentalities include other products or services, such allegation is vague, and Databricks therefore lacks knowledge or information sufficient to admit or deny such allegation. Databricks denies the remaining allegations of paragraph 93 of the Amended Complaint.

94.     Databricks denies the allegations in paragraph 94 and specifically denies that it has committed any acts of infringement.

95.     Databricks denies the allegations of paragraph 95 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

96.     Databricks denies the allegations of paragraph 96 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

97.     Databricks denies the allegations of paragraph 97 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

98.     Databricks admits that Byteweavr the original complaint in this case on March 8, 2024.  To the extent the allegations in paragraph 98 purport to quote or characterize the contents of the Amended Complaint, the document speaks for itself.

99.     Databricks denies the allegations of paragraph 99 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

### COUNT III – ALLEGED INFRINGEMENT OF U.S. PATENT NO.6,862,488

100.     Databricks admits that Byteweavr purports to incorporate paragraphs 1 through 99 by reference.

101.    Databricks admits that the '488 patent is entitled "Automated validation processing and workflow management."  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 101 of the Amended Complaint and, on that basis, denies them.

102.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Databricks denies that the patent is valid. Databricks admits that the '488 patent lists U.S. Patent Application No. 10/190,368 as its application number, and lists March 1, 2005 as its issue date.  Databricks admits that the patent expired at least as early as April 9, 2023.  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 102 of the Amended Complaint and, on that basis, denies them.

103.    Databricks denies the allegations of paragraph 103 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

104.    Databricks admits that it designed and developed the Databricks Lakehouse Platform.  To the extent the Amended Complaint alleges that Accused Instrumentalities include other products or services, such allegation is vague, and Databricks therefore lacks knowledge or information sufficient to admit or deny such allegation. Databricks denies the remaining allegations of paragraph 104 of the Amended Complaint.

105.    Databricks denies the allegations in paragraph 105 and specifically denies that it has committed any acts of infringement.

106.    Databricks denies the allegations of paragraph 106 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

107.    Databricks denies the allegations of paragraph 107 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

108.    Databricks denies the allegations of paragraph 108 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

109.    Databricks admits that Byteweavr filed the original complaint in this case on March 8, 2024.  To the extent the allegations in paragraph 109 purport to quote or characterize the contents of the Amended Complaint, the document speaks for itself.

110.    Databricks denies the allegations of paragraph 110 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

## COUNT IV – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,965,897

111.    Databricks admits that Byteweavr purports to incorporate paragraphs 1 through 110 by reference.

112.    Databricks admits that the '897 patent is entitled "Data Compression Method and Apparatus."  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 112 of the Amended Complaint and, on that basis, denies them.

113.    The allegations in this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Databricks denies that the patent is valid. Databricks admits that the '897 patent lists U.S. Patent Application No. 10/065,513 as its application number and November 15, 2005 as its issue date.  Databricks admits that the patent expired at least as early as August 10, 2023.  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 113 of the Amended Complaint and, on that basis, denies them.

114.     Databricks denies the allegations of paragraph 114 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

115.     Databricks admits that it designed and developed the Databricks Lakehouse Platform.  To the extent the Amended Complaint alleges that Accused Instrumentalities include other products or services, such allegation is vague, and Databricks therefore lacks knowledge or information sufficient to admit or deny such allegation. Databricks denies the remaining allegations of paragraph 115 of the Amended Complaint.

116.     Databricks denies the allegations in paragraph 116 and specifically denies that it has committed any acts of infringement.

117.     Databricks denies the allegations of paragraph 117 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

118.     Databricks denies the allegations of paragraph 118 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

119.     Databricks denies the allegations of paragraph 119 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

120.     Databricks admits that Byteweavr filed the original complaint in this case on March 8, 2024.  To the extent the allegations in paragraph 120 purport to quote or characterize the contents of the Amended Complaint, the document speaks for itself.

121.     Databricks denies the allegations of paragraph 121 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

**COUNT V – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,082,474**

122.     Databricks admits that Byteweavr purports to incorporate paragraphs 1 through 121 by reference.

123.     Databricks admits that the '474 patent is entitled "Data sharing and file distribution method and associated distributed processing system."  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 123 of the Amended Complaint and, on that basis, denies them.

124.     The allegations in this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Databricks denies that the patent is valid. Databricks admits that the '474 patent lists U.S. Patent Application No. 09/602,803 as its application number and lists July 25, 2006 as its issue date.  Databricks admits that the patent expired at least as early as December 3, 2022.  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 124 of the Amended Complaint and, on that basis, denies them.

125.     Databricks denies the allegations of paragraph 125 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

126.     Databricks admits that it designed and developed the Databricks Lakehouse Platform.  To the extent the Amended Complaint alleges that Accused Instrumentalities include other products or services, such allegation is vague, and Databricks therefore lacks knowledge or information sufficient to admit or deny such allegation. Databricks denies the remaining allegations of paragraph 126 of the Amended Complaint.

127.     Databricks denies the allegations in paragraph 127 and specifically denies that it has committed any acts of infringement.

128.     Databricks denies the allegations of paragraph 128 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

129.     Databricks denies the allegations of paragraph 129 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

130.     Databricks denies the allegations of paragraph 130 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

131.     Databricks admits that Byteweavr filed the original complaint in this case on March 8, 2024.  To the extent the allegations in paragraph 131 purport to quote or characterize the contents of the Amended Complaint, the document speaks for itself.

132.     Databricks denies the allegations of paragraph 132 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

## COUNT VI – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,275,827

133.     Databricks admits that Byteweavr purports to incorporate paragraphs 1 through 132 by reference.

134.     Databricks admits that the '827 patent is entitled "Software-based network attached storage services hosted on massively distributed parallel computing networks."  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 134 of the Amended Complaint and, on that basis, denies them.

135.     The allegations in this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Databricks denies that the patent is valid. Databricks admits that the '827 patent lists U.S. Patent Application No. 09/834,785 as its application number.  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 135 of the Amended Complaint and, on that basis, denies them.

136.     Databricks denies the allegations of paragraph 136 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

137.    Databricks admits that it designed and developed the Databricks Lakehouse Platform.  To the extent the Amended Complaint alleges that Accused Instrumentalities include other products or services, such allegation is vague, and Databricks therefore lacks knowledge or information sufficient to admit or deny such allegation. Databricks denies the remaining allegations of paragraph 137 of the Amended Complaint.

138.    Databricks denies the allegations in paragraph 138 and specifically denies that it has committed any acts of infringement.

139.    Databricks denies the allegations of paragraph 139 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

140.    Databricks denies the allegations of paragraph 140 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

141.    Databricks denies the allegations of paragraph 141 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

142.    Databricks admits that Byteweavr filed the original complaint in this case on March 8, 2024.  To the extent the allegations in paragraph 142 purport to quote or characterize the contents of the Amended Complaint, the document speaks for itself.

143.    To the extent the allegations in paragraph 143 purport to quote or characterize the contents of Databricks webpages, the document speaks for itself.  Databricks denies the remaining allegations of paragraph 143 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

144.     Databricks denies the allegations of paragraph 144 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

145.    Databricks denies the allegations of paragraph 145 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

## COUNT VII – ALLEGED INFRINGEMENT OF U.S. PATENT NO. RE42153

146.    Databricks admits that Byteweavr purports to incorporate paragraphs 1 through 145 by reference.

147.    Databricks admits that the '153 patent is entitled "Dynamic coordination and control of network connected devices for large-scale network site testing and associated architectures."  Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 147 of the Amended Complaint and, on that basis, denies them.

148.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Databricks denies that the patent is valid. Databricks admits that the '153 patent lists U.S. Patent Application No. 10/190,368 as its application number.  Databricks admits that the patent expired at least as early as March 26, 2022. Databricks lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 148 of the Amended Complaint and, on that basis, denies them.

149.    Databricks denies the allegations of paragraph 149 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

150.    Databricks admits that it designed and developed the Databricks Lakehouse Platform.  To the extent the Amended Complaint alleges that Accused Instrumentalities include other products or services, such allegation is vague, and Databricks therefore lacks knowledge or information sufficient to admit or deny such allegation. Databricks denies the remaining allegations of paragraph 150 of the Amended Complaint.

151.    Databricks denies the allegations in paragraph 151 and specifically denies that it has committed any acts of infringement.

152.    Databricks denies the allegations of paragraph 152 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

153.    Databricks denies the allegations of paragraph 153 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

154.    Databricks denies the allegations of paragraph 154 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

155.    Databricks admits that Byteweavr filed the original complaint in this case on March 8, 2024.  To the extent the allegations in paragraph 155 purport to quote or characterize the contents of the Amended Complaint, the document speaks for itself.

156.    Databricks denies the allegations of paragraph 156 of the Amended Complaint, and specifically denies that it has committed any acts of infringement.

## PLAINTIFF'S CONCLUSION

157.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks denies the allegations of paragraph 157 of the Amended Complaint.

158.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks denies the allegations of paragraph 158 of the Amended Complaint.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

159.    Byteweavr's demand for a jury trial does not require a response.

## PLAINTIFF'S PRAYER FOR RELIEF

160.    Databricks denies that Byteweavr is entitled to any of the relief requested in the Amended Complaint or any relief whatsoever.  Databricks denies all allegations in the Amended Complaint that have not been specifically admitted in paragraphs 1–158 above.

## AFFIRMATIVE AND OTHER DEFENSES

Databricks asserts the following additional defenses to the Amended Complaint.  In doing so, Databricks does not assume any burden of proof on any issue that is Byteweavr's burden as a matter of law.  Databricks also reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE:  FAILURE TO STATE A CAUSE OF ACTION

The Amended Complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.

### SECOND DEFENSE:  NON-INFRINGEMENT ('733 PATENT)

Databricks has not infringed, and currently does not infringe, any claim of the '733 patent and is not liable for any infringement.

### THIRD DEFENSE:  INVALIDITY AND INELIGIBILITY ('733 PATENT)

The '733 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE: NON-INFRINGEMENT ('752 PATENT)

Databricks has not infringed, and currently does not infringe, any claim of the '752 patent and is not liable for any infringement.

### FIFTH DEFENSE:  INVALIDITY AND INELIGIBILITY ('752 PATENT)

The '752 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SIXTH DEFENSE:  NON-INFRINGEMENT ('897 PATENT)

Databricks has not infringed, and currently does not infringe, any claim of the '897 patent and is not liable for any infringement.

### SEVENTH DEFENSE:  INVALIDITY AND INELIGIBILITY ('897 PATENT)

The '897 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### EIGHTH DEFENSE: NON-INFRINGEMENT ('474 PATENT)

Databricks has not infringed, and currently does not infringe, any claim of the '474 patent and is not liable for any infringement.

### NINTH DEFENSE:  INVALIDITY AND INELIGIBILITY ('474 PATENT)

The '474 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### TENTH DEFENSE:  NON-INFRINGEMENT ('827 PATENT)

Databricks has not infringed, and currently does not infringe, any claim of the '827 patent and is not liable for any infringement.

### ELEVENTH DEFENSE:  INVALIDITY AND INELIGIBILITY ('827 PATENT)

The '827 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### TWELFTH DEFENSE: NON-INFRINGEMENT ('488 PATENT)

Databricks has not infringed, and currently does not infringe, any claim of the '488 patent and is not liable for any infringement.

### THIRTEENTH DEFENSE:  INVALIDITY AND INELIGIBILITY ('488 PATENT)

The '488 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTEENTH DEFENSE:  NON-INFRINGEMENT ('153 PATENT)

Databricks has not infringed, and currently does not infringe, any claim of the '153 patent and is not liable for any infringement.

### FIFTEENTH DEFENSE:  INVALIDITY AND INELIGIBILITY ('153 PATENT)

The '153 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SIXTEENTH DEFENSE:  PROSECUTION HISTORY ESTOPPEL/DISCLAIMER

The relief sought by Byteweavr is barred, in whole or in part, under the doctrine of prosecution history estoppel and/or disclaimer, due to amendments and/or statements made during prosecution of the Patents-in-Suit.

### SEVENTEENTH DEFENSE:  ENSNAREMENT

Byteweavr cannot assert any claims for patent infringement under the doctrine of equivalents because such an asserted scope of equivalency would encompass or ensnare the prior art.

### EIGHTEENTH DEFENSE:  DEDICATION TO THE PUBLIC

The relief sought by Byteweavr is barred, in whole or in part, because Byteweavr and/or predecessors in interest of the Asserted Patent dedicated to the public all methods, systems, and products disclosed in the Patents-in-Suit, but not literally claimed therein.

### NINETEENTH DEFENSE:  LIMITATION ON DAMAGES AND COSTS

Byteweavr's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. To the extent any claim of the Patents-in-Suit are invalid, Byteweavr is barred from recovering costs by 35 U.S.C. § 288.

### TWENTIETH DEFENSE:  GOOD FAITH

Databricks has engaged in all relevant activities in good faith, thereby precluding Byteweavr, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

### TWENTY-FIRST DEFENSE:  EQUITABLE DEFENSES

Byteweavr's claims against Databricks are barred, in whole or in part, by the doctrines of waiver, patent misuse, implied waiver, acquiescence, legal estoppel, equitable estoppel, unclean hands, and/or other equitable defenses.

### TWENTY-SECOND DEFENSE:  LICENSE AND PATENT EXHAUSTION

Byteweavr's claims against Databricks are barred, in whole or in part, by express or implied licenses to the Patents-in-Suit, and/or under the doctrines of patent exhaustion, first sale and/or the single recovery rule.

### TWENTY-THIRD DEFENSE: CONTRACTUAL LIMITATION ON DAMAGES

Byteweavr's claims for monetary relief are limited to the extent it or any predecessor-in-interest to the Patents-in-Suit undertook an obligation to license the Patents-in-Suit on fair, reasonable, and/or non-discriminatory terms.

### TWENTY-FOURTH DEFENSE: NO EXCEPTIONAL CASE

Byteweavr cannot show that any acts or omissions by Databricks render this an exceptional case justifying an award of attorney fees against Databricks pursuant to 35 U.S.C. § 285.

### TWENTY-FIFTH DEFENSE: NO WILLFUL INFRINGEMENT

Byteweavr is not entitled to enhanced or increased damages for willful infringement because Databricks has not engaged in any conduct that meets the applicable standard for willful infringement.

### RESERVATION OF ADDITIONAL DEFENSES

Databricks reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

### JURY DEMAND

Databricks hereby requests a trial by jury on all issues so triable including specifically on Byteweavr's claims and Databricks' defenses thereto.

## **PRAYER FOR RELIEF**

Databricks prays for judgment with respect to Byteweavr's Amended Complaint and Databricks' defenses as follows:

a.      A judgment in favor of Databricks denying Byteweavr any relief requested in its Amended Complaint and dismissing its Amended Complaint with prejudice;

b.      A judgment against Byteweavr finding that Databricks has not and does not infringe and is not liable for any infringement of any claim of the '733 patent;

c.      A judgment against Byteweavr finding that Databricks has not and does not infringe and is not liable for any infringement of any claim of the '752 patent;

d.      A judgment against Byteweavr finding that Databricks has not and does not infringe and is not liable for any infringement of any claim of the '897 patent;

e.      A judgment against Byteweavr finding that Databricks has not and does not infringe and is not liable for any infringement of any claim of the '474 patent;

f.      A judgment against Byteweavr finding that Databricks has not and does not infringe and is not liable for any infringement of any claim of the '827 patent;

g.      A judgment against Byteweavr finding that Databricks has not and does not infringe and is not liable for any infringement of any claim of the '488 patent;

h.      A judgment against Byteweavr finding that Databricks has not and does not infringe and is not liable for any infringement of any claim of the '153 patent;

i.      A judgment against Byteweavr finding that one or more claims of the '733 patent is invalid;

j.      A judgment against Byteweavr finding that one or more claims of the '752 patent is invalid;

k.      A judgment against Byteweavr finding that one or more claims of the '897 patent is invalid;

l.      A judgment against Byteweavr finding that one or more claims of the '474 patent is invalid;

m.      A judgment against Byteweavr finding that one or more claims of the '827 patent is invalid;

n.      A judgment against Byteweavr finding that one or more claims of the '488 patent is invalid;

o.      A judgment against Byteweavr finding that one or more claims of the '153 patent is invalid;

p.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Databricks its reasonable attorneys' fees;

q.      An award of costs to Databricks; and

r.      Such other relief as the Court shall deem just and proper.

Dated: August 5, 2024

/s/   *Jessica M. Kaempf*

Michael J. Sacksteder
CA Bar No. 191605 (Admitted E.D. Texas)
Email: msacksteder@fenwick.com
Gregory Sefian
CA Bar No. 341802 (Admitted *Pro Hac Vice*)
Email: gsefian@fenwick.com
Su Li
CA Bar No. 339374 (Admitted *Pro Hac Vice*)
Email: sli@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
Jonathan G. Tamimi
WA Bar No. 54858 (Admitted E.D. Texas)
Email: jtamimi@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:     206.389.4510
Facsimile:     206.389.4511

*Attorneys for Defendant Databricks, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5 on August 5, 2024.

*/s/ Jessica M. Kaempf*
Jessica M. Kaempf